IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TONY ORLANDO MYLES, § | |
| TDCJ-CID NO.1702793, § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION H-12-0640 |
| § | |
| JENNIFER LEIGH FALK, § | |
| Defendant. § | |

OPINION ON DISMISSAL

Plaintiff Tony Orlando Myles, a state inmate proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint pursuant to 42 U.S.C. §1983, alleging that prosecutor Jennifer Leigh Falk prosecuted him without probable cause to initiate a prosecution and provided false information to the grand jury and to the jury who found him guilty and sentenced him to twenty-two years in prison. (Docket Entry No.1). Plaintiff seeks monetary relief, release from prison, and an order barring defendant from practicing law. (*Id.*).

For the reasons to follow, the Court will dismiss this action pursuant to 28 U.S.C. §1915(e)(2)(B).

BACKGROUND

Plaintiff was convicted of aggravated sexual assault of a child in cause number 1223475, following a jury trial in the 209th District Court of Harris County, Texas, for which he was sentenced to twenty-two years imprisonment. *Myles v. Garcia*, Civil Action No.H-09-4097 (S.D. Tex. Jan. 9, 2012). Plaintiff indicates in a Civil Action No.H-09-4097 that the Harris County District Attorney's Office initiated charges against him based on the probable cause affidavit prepared by Officer G.A. Garcia; thereafter, a local grand jury returned an indictment against him on September 21, 2009. *Id.*

Plaintiff complains in the present complaint that Harris County Assistant District Attorney Jennifer Leigh Falk maliciously prosecuted him on March 1, 2011, which resulted in his conviction and twenty-two year sentence. (Docket Entry No.1). Plaintiff claims Falk knowingly furnished false information to the grand jury to initiate the prosecution and false information to the jury, who found him guilty. (*Id.*).

## DISCUSSION

The Prison Litigation Reform Act requires that the district court review a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). On review, the Court must identify cognizable claims or dismiss the complaint or any portion thereof, if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B). In conducting that analysis, a prisoner's *pro se* pleading is reviewed under a less stringent standard that those drafted by an attorney and is entitled to a liberal construction that includes all reasonable inferences, which can be drawn from it. *Haines v. Kerner*, 404 U.S. 519 (1972).

A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). A complaint may be dismissed for failure to state a claim if the plaintiff does not allege enough facts to state a claim to relief that is "plausible" on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Prosecutors are absolutely immune from § 1983 suits in their individual capacities for actions that are within the scope of their prosecutorial duties. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)). Prosecutorial immunity has been extended to a prosecutor's actions in initiating, investigating, and pursuing a criminal prosecution. *McGruder v. Necaise*, 733 F.2d 1146, 1148 (5th Cir. 1984). Courts have also extended this immunity for a prosecutor's conduct before a grand jury. *Burns v. Reed*, 500 U.S. 478, 490 (1991). This immunity is not defeated by showing that the prosecutor acted wrongfully or even maliciously. *Imbler*, 424 U.S. at 427 n. 27; *Brummett v. Camble*, 946 F.2d 1178, 1181 (5th Cir. 1991) (concluding prosecutor is absolutely immune from § 1983 suit predicated on malicious prosecution); *Graves v. Hampton*, 1 F.3d 315, 319 n. 9 (5th Cir. 1993) (prosecutor immune from damages even if accused of knowingly using perjured testimony). Plaintiff has not alleged many facts with respect to the complained-of action by prosecutor Falk, but the extent he has stated any facts in this case and in Civil Action No.H-09-4097, such facts regarding the prosecutor's conduct fall clearly within the *Imbler* shelter. Therefore, defendant's conduct is protected by the doctrine of prosecutorial immunity.

Moreover, there is no freestanding federal cause of action for malicious prosecution. *See Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003). Therefore, to the extent that plaintiff claims he was maliciously prosecuted, such claims are not cognizable under § 1983.

## CONCLUSION

Based on the foregoing, the Court ORDERS the following:

1. The present civil rights action is DISMISSED.

2. All claims against defendant Jennifer Leigh Falk under 42 U.S.C. § 1983 are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).

      3.    All pending motions, if any, are DENIED.

It is so ORDERED.

The Clerk will provide a copy of this order by facsimile transmission, regular mail, or e-mail to the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159; the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-strikes List.

SIGNED at Houston, Texas, this 9th day of October, 2012.

                                         _____
                                             MELINDA HARMON
                                      UNITED STATES DISTRICT JUDGE